IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CIVIL NO. 1:04CV200

| | |
|---|---|
| CAROL R. HENSLEY; JANICE HOLDEN; JAMES HAMMERSMITH; CAROLYN B. BAKER; JAMES R. BALL; BARRY F. BOWDEN; E. JEFFERSON CORN; JAMES W. COX; MICHAEL D. EPPERSON; FRANCES FREEMAN; SHELBA J. GILLESPIE; GILBERT N. HARSHFIELD; RON HILL; JAMES HUGGINS; DORIS B. KOHLER; DONALD MYRACLE; CHARLES E. OWEN; LLOYD OWEN; LYLE REEDY; CARROLL STAMEY, and DENNIS TAYLOR,<br><br>          Plaintiffs,<br><br>Vs.<br><br>P. H. GLATFELTER COMPANY,<br><br>          Defendant. | **MEMORANDUM AND ORDER** |

**THIS MATTER** is before the Court on the Defendant's objections to United States Magistrate Judge Dennis Howell's Memorandum and Recommendation denying in part and allowing in part the Defendant's motion to dismiss.

## I. FACTUAL AND PROCEDURAL HISTORY

The Plaintiffs have brought this action pursuant to the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001 *et seq*. ("ERISA"). In reciting the facts of this case, the Court will accept as true the factual allegations included in the Plaintiffs' complaint, as is required

when considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6). **Layman v. Alexander, 294 F.Supp.2d 784, 791 (W.D.N.C. 2003).**

The Plaintiffs are former employees of P.H. Glatfelter Company (the "Defendant" or "Glatfelter"), Ecusta Division, which was sold to RFS Ecusta, Inc. ("RFS Ecusta"). **Complaint, filed September 22, 2004, ¶ 3.** At the time of the sale, the Plaintiffs were all over the age of 55 and eligible for benefits from the Glatfelter Salaried Medical Plan ("Glatfelter Plan" or the "Plan") should they have chosen to retire at that time. *Id.*, **¶ 4.** The Plaintiffs were informed that if they accepted continued employment with RFS Ecusta following the sale, RFS Ecusta would provide them with comparable benefits at their retirement. *Id.*, **¶ 16.** Furthermore, the Plaintiffs were informed that if RFS Ecusta was unable to provide them with benefits comparable to those offered by the Glatfelter Plan at that time, they could instead receive the benefits offered under the Glatfelter Plan. *Id.*, **¶ 17.** However, unbeknownst to the Plaintiffs and pursuant to an agreement between the Defendant and RFS Ecusta, the Defendant's obligation to provide retirement medical benefits to those employees of RFS Ecusta who did not receive comparable benefits from RFS Ecusta, was conditioned on reimbursement from RFS Ecusta to the Defendant for the expense of providing such coverage. **Exhibit F,** *attached to*, **Complaint.** Notably, both in the original plan documents and in the notification to the Plaintiffs regarding benefits with RFS Ecusta, the Defendant specifically reserved the right to modify or terminate coverage at any time. *See* **Exhibit D, P.H. Glatfelter Employee Benefits Plan, dated January 1, 1998, and Exhibit A,** *attached to*, **Complaint.** Also of note, prior to accepting employment with RFS Ecusta, the Plaintiffs inquired as to further details of the Plan from Doug Bradburn, manager of employee relations for the Defendant. According to the Plaintiffs, they were orally assured by

Bradburn that the Defendant could not modify or terminate the benefits available to the RFS Ecusta employees, should they ultimately receive benefits from Glatfelter, unless the modification or termination was applied to all participants and beneficiaries of the Glatfelter Plan. **Complaint, ¶ 18.**

Ultimately, all the Plaintiffs accepted employment with RFS Ecusta. *Id.*, **¶ 21.** Thereafter, RFS Ecusta declared bankruptcy and did not provide any retirement medical coverage to the Plaintiffs; the Plaintiffs subsequently elected to receive benefits from the Glatfelter Plan. *Id.*, **¶ 22-23.** Following the bankruptcy of RFS Ecusta, Glatfelter was no longer reimbursed by RFS Ecusta for the expense of providing benefits to the RFS Ecusta employees, and notified the Plaintiffs in September 2003 that their benefits under the Glatfelter Plan were being terminated effective October 31, 2003. *Id.*, **¶¶ 23-24.** The Defendant's action did not effect the benefits provided to other participants or beneficiaries of Glatfelter Plan who had not accepted employment with RFS Ecusta. *Id.*, **¶ 24.**

The Plaintiffs filed their complaint in this matter on September 22, 2004. On November 22, 2004, the Defendant filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and Plaintiffs filed a response. The motion was referred to the Magistrate Judge; a Memorandum and Recommendation was filed on February 3, 2005, denying in part and allowing in part the Defendant's motion. The Defendant filed timely objections thereto, and the matter is now ripe for review.

## II. STANDARD OF REVIEW

The Court reviews *de novo* those portions of a Magistrate Judge's memorandum and recommendation to which a specific objection has been made. ***Strawbridge v. Sugar Mountain Resort, Inc.*, 243 F.Supp.2d 472, 475 (W.D.N.C. 2003).** Where the parties have not timely filed such an objection, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." ***Diamond v. Colonial Life & Acc. Ins. Co.*, \_\_\_\_ F.3d \_\_\_\_, 2005 WL 1713188, at * 3 (4ᵗʰ Cir. 2005) (citing 28 U.S.C. § 636(b)(1)) (other internal quotations omitted).**

The standard of review for a motion to dismiss under Rule 12(b)(6) is well established. A motion to dismiss under Rule 12(b)(6) is intended to test the legal sufficiency of a plaintiff's complaint. ***Clark v. U.S. Postal Service*, 2005 WL 1871160, at *3 (W.D.N.C. 2005).** The Court may consider the complaint and the documents attached thereto. ***Braswell v. Haywood Reg'l Med. Cen.*, 352 F.Supp.2d 639, 642 (W.D.N.C. 2005) (citing *Jeffrey M. Brown Assocs., Inc. v. Rockville Cen. Inc.*, 7 Fed. Appx. 197, 202 (4ᵗʰ Cir. 2001)).** The Court accepts all well-plead allegations in the complaint as true, and all reasonable inferences from the facts must be drawn in the plaintiff's favor. ***Layman, supra.*** However, the Court "need not accept the legal conclusions drawn from the facts [alleged in the complaint] . . . [or] accept as true unwarranted inferences, unreasonable conclusions, or arguments." ***Eastern Shore Mkts., Inc. v. J.D. Assocs., Ltd. P'ship*, 213 F.3d 175, 180 (4ᵗʰ Cir. 2000).** "[Dismissal may occur] only if it appears beyond doubt that the plaintiff[s] can prove no set of facts in support of [their] claim that would entitle [them] to relief." ***Jackson v. Blue Dolphin Commc'ns of N. Carolina, LLC*, 226 F.Supp.2d**

**785, 788-89 (W.D.N.C. 2002) (quoting *Flood v. New Hanover County*, 125 F.3d 249, 251 (4ᵗʰ Cir. 1997)).** To defeat a motion to dismiss, a "complaint need only outline a recognized legal or equitable claim which sufficiently pinpoints the time, place, and circumstances of the alleged occurrence and which, if proven, will justify some sort of relief." *Id.*, **at 789 (quotation and citation omitted).**

### III. DISCUSSION

The Plaintiffs' complaint is somewhat unclear as to which specific sections of ERISA the claims are asserted. While paragraph one of the complaint indicates the Plaintiffs specifically seek relief under sections 29 U.S.C. §§ 1132(a)(1)(B), 1132(a)(3), 1109, and 1140, the Plaintiffs first, and only, enumerated claim for relief cites only to §§ 1109 and 1132 as a basis for the claim. **Complaint, ¶¶ 1, 29-35.** The Plaintiffs also allege the Defendant is liable for penalties under ERISA § 1132(c) for the failure to comply fully with a request for Plan documents, though they do not include this allegation as a separate claim for relief. *Id.*, **¶¶ 8, 9.** The Court notes in accordance with the standards of Federal Rules of "notice" pleading, it has a duty to construe a complaint liberally in favor of a plaintiff. ***Anderson v. Found. for Advancement, Educ., and Employment of American Indians*, 155 F.3d 500, 505 (4ᵗʰ Cir. 1998).** However, the Court's responsibility "is not the equivalent of a duty to re-write it." ***Givens v. O'Quinn*, 121 Fed. Appx. 984, 987 (4ᵗʰ Cir. 2005) (internal quotations omitted).** Despite this unartfully drafted complaint, but after a full review of all of the factual allegations therein, the Court construes the complaint as asserting separate causes of action under each of those sections enumerated in the first paragraph of the complaint as well as the ERISA penalty claim. While the Court is hesitant

to read the Plaintiffs' complaint so liberally, the Court believes it may do so given the specific allegations included therein and that such a construction is in the interest of the efficient resolution of the Plaintiffs' claims. The case is currently scheduled for trial during the Court's November 2005 term; requiring the Plaintiffs to amend their complaint before consideration of these claims, which have been fully briefed by the parties in regard to the Defendant's motion to dismiss, will certainly only further delay the resolution of Plaintiffs' claims.[1]

**A. Plaintiffs' Claims under 29 U.S.C. § 1109**

Section 1109 sets forth liability for a breach of fiduciary duties. Section 1132(a)(2) permits a plan participant or beneficiary to bring a civil action for relief under § 1109. **29 U.S.C. § 1132(a)(2).** However, claims under these sections do not permit individualized relief, only relief inuring directly to the Plan itself. ***See*, *Estate of Mattern v. Honeywell Int'l, Inc.,* 241 F.Supp.2d 540, 543 (D. Md. 2003) ("The Supreme Court, however, has made it abundantly clear that suits for breach of fiduciary duty under § [1132](a)(2) cannot be for individualized relief but must be for relief that inures to the plan itself." (quoting** *Massachusetts Mut. Life Ins. Co. v. Russell***, 473 U.S. 134, 142, 144 (1985)).** Since the Plaintiffs do not seek such relief, their claims under § 1109 are dismissed. ***Id.* (granting summary judgment on plaintiff's §§ 1132(a)(2) and 1109 claims where section did not provide relief plaintiff sought).**

---

[1] As noted, the Defendant appears to have liberally interpreted the complaint as well, since it directed the motion to dismiss to each of the sections enumerated.

**B. Plaintiffs' Claims under 29 U.S.C. § 1132(a)(3)**

Under § 1132(a)(3),

> a civil action may be brought . . . by a participant, [or] beneficiary . . . (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan.

**29 U.S.C. § 1132(a)(3).** The Plaintiffs have alleged that the Defendant, as a fiduciary, failed to fully inform them of the complete and material terms of the agreement with RFS Ecusta concerning the provision of benefits to the Plaintiffs. More specifically, the Plaintiffs allege that the Defendant failed to inform them that its obligation to provide benefits to the Plaintiffs, in the event RFS Ecusta was unable to do so comparably, was conditioned on RFS Ecusta's ability to reimburse the Defendant for the cost of such benefits. The Plaintiffs also allege that the Defendant failed to fully inform them of the financial stability of RFS Ecusta, if the Defendant in fact had such knowledge. Such allegations are actionable under § 1132(a)(3). ***See, Griggs v. E.I. DuPont de Nemours & Co.*, 237 F.3d 371, 380 (4th Cir. 2001) ("ERISA administrators have a fiduciary obligation 'not to misinform employees through material misrepresentations and incomplete, inconsistent or contradictory disclosures.'" (quoting *Harte v. Bethlehem Steel Corp.*, 214 F.3d 446, 452 (3d Cir. 2000))**. Thus, Defendant's motion to dismiss with regard to these claims is denied.[2]

---

[2]The forms of relief available to the Plaintiffs for this claim are discussed in section E.

**C. Plaintiffs' Claims under 29 U.S.C. § 1132(a)(1)(B)**

A claim under § 1132(a)(1)(B) seeks "to recover benefits due [a plan participant or beneficiary] under the terms of the plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." **29 U.S.C. § 1132(a)(1)(B).** The Plaintiffs have asserted a claim for recovery of benefits they allege are due under the terms of the Plan following the improper termination of their benefits by the Defendant. The Plaintiffs allege that under the terms of the Plan, any modification or termination action taken by the Defendant must be applicable to all participants and beneficiaries under the Plan.

The Defendant has moved to dismiss this claim on the grounds that the termination of the Plaintiffs' benefits was permissible under the Plan provisions because the Plan specifically reserved the Defendant's right to modify or terminate the benefits provided by the Plan at any time.³ The Fourth Circuit has held that "where plan fiduciaries have offered a 'reasonable interpretation' of disputed provisions, 'courts may not replace [it] with an interpretation of their own' – and therefore cannot disturb as an 'abuse of discretion' the challenged benefits determination." *de Nobel v. Vitro Corp.*, **885 F.2d 1180, 1187-88 (4th Cir. 1989) (quoting** *Holland v. Burlington Indus., Inc.*, **772 F.2d 1140, 1149 (4th Cir. 1985)).**⁴ The provisions of

---

³In considering the motion to dismiss, the Court need not defer to Plaintiffs' allegations in the complaint which contradict exhibits attached thereto. *See, Norman v. Tradewinds Airlines, Inc.*, **2003 WL 22012625, at * 1, n.1 (M.D.N.C. 2003) (citing** *Fayetteville Investors v. Commerical Builders, Inc.*, **936 F.2d 1462, 1465 (4th Cir. 1991)).** Therefore, with the relevant Plan provisions attached to the complaint, the Court need not defer to Plaintiffs' interpretation of those provisions which contradicts their plain meaning.

⁴This standard applies where the Plan confers discretionary authority on the fiduciary to construe the Plan's terms and conditions. *Booth v. Wal-Mart Stores, Inc. Assoc. Health & Welfare Plan*, **201 F.3d 335, 340-41 (4th Cir. 2000).** The Glatfelter Plan confers upon the Defendant, as Plan Administrator, "the exclusive right and discretion to interpret the terms and

the Plan specifically state that "the [Defendant] reserves the right to modify, amend or terminate the Plan, or change any policy or practice, at any time." **Exhibit D,** *supra***, at 61.** Furthermore, in a memorandum explaining the details of the retirement benefits for those employees accepting RFS Ecusta employment, William T. Yanavitch, vice president of human resources for Glatfelter, reiterated that the Defendant reserved the right "to change, amend or terminate its post-retirement medical coverage." **Exhibit A,** *supra***, at 1.** Neither of these provisions precludes the Defendant from modifying or terminating the benefits of some participants versus making such changes applicable to all Plan participants as the Plaintiffs argue. Instead, the Court determines that the Defendant's interpretation of the Plan provision permitting it to terminate the Plaintiffs' benefits at any time regardless if such action is applicable to all participants and beneficiaries under the Plan is reasonable, and therefore, will not be disturbed by the Court.

The Plaintiffs have also asserted that they were assured by the Plan administrators that their benefits would not be modified or terminated unless the same action was taken with regard to all participants and beneficiaries under the Plan and, therefore, such assurances should be enforceable. The complaint alleges that Doug Bradburn orally assured representatives of the Plaintiffs that Ecusta division employees' benefits could only be amended or terminated if the changes were applied to all participants or beneficiaries under the Plan. **Complaint, ¶ 18.** The complaint also alleges that a memorandum written by William Yanavitch addressing employee questions provided similar assurances. However, the alleged oral statements and unofficial written communications made by Bradburn and Yanavitch promising the Plaintiffs such

---

conditions of the Plan[.]" **Exhibit D,** *supra***, at 60-61.**

protection do not serve to modify the actual provisions of the Plan. While such statements are troublesome to the Court, Fourth Circuit precedent is clear that oral statements or informal written communications may not alter the terms of an ERISA plan. ***See, Pierce v. Sec. Trust Life Ins. Co.***, 979 F.2d 23, 29 (4th Cir. 1992) (oral modifications); ***Gable v. Sweetheart Cup Co., Inc.***, 35 F.3d 851, 857 (4th Cir. 1994) (informal written communications).

Therefore, the Court finds the Defendant was acting in accordance with the provisions of the Plan when terminating the Plaintiffs' benefits, and the Plaintiffs cannot sustain a claim to recover benefits under § 1132(a)(1)(B) on the basis of such action.

**D. Plaintiffs' Claims under 29 U.S.C. § 1140**

Section 1140 prohibits the discrimination against "a participant or beneficiary for exercising any right to which he is entitled under the provisions of an employee benefit plan . . . or for purposes of interfering with the attainment of any right to which such participant may become entitled under the plan." **29 U.S.C. § 1140.** The Plaintiffs' claims under § 1140 allege that the Defendant's termination of the Plaintiffs' benefits was discriminatory in that the Defendant terminated the benefits for employees who, like Plaintiffs, had accepted employment with RFS Ecusta and subsequently exercised their rights under the Plan to receive benefits from the Defendant, while not disturbing benefits of other Plan participants and beneficiaries.

However, as determined *infra*, the termination of the Plaintiffs' benefits was permissible under the Defendant's reasonable interpretation of the terms of the Plan. Furthermore, § 1140 was not intended to create causes of action for all partial terminations or modifications – where benefits are terminated or modified to a select group of participants and beneficiaries and not the

entire group. *Aronson v. Servus Rubber, Div. of Chromalloy*, 730 F.2d 12 (1st Cir. 1984). Instead, a partial termination or modification that "cuts along independently established lines . . . and that has a readily apparent business justification, demonstrates no invidious intent[,]" and thus, is not actionable under § 1140. **Id., at 16 (permitting partial termination along separate divisions of the employer).** The Court determines the partial termination at issue here was permissible under this standard and cannot support a cause of action under § 1140. Therefore, the Defendant's motion to dismiss with regard to this claim is granted.

**E. Plaintiffs' ERISA Penalty Claims under § 1132(c)**

Plaintiffs have also alleged an ERISA penalty claim under § 1132(c) for the Defendant's failure to produce all Plan documents pursuant to their request. Viewing the allegations in the complaint as true, the Plaintiffs have stated a claim for relief under § 1132(c). The issue of whether the Defendant produced all documents in compliance with the Plaintiffs' request and the statute, as the Defendant claims, is one that cannot be decided at this stage of the litigation. Therefore, the Defendant's motion to dismiss with regard to these claims is denied.

**F. Plaintiffs' Relief Requested**[5]

Accordingly, the Plaintiffs' sole non-penalty based claim[6] surviving the Defendant's motion to dismiss is a claim under § 1132(a)(3). This section permits only equitable relief; therefore, the Defendant moves to dismiss the Plaintiffs' claims for monetary damages for lost benefits. While any monetary damages the Plaintiffs seek which are legal in nature cannot be awarded based on this claim, not all forms of monetary damages are legal in nature. ***Ream v. Frey*, 107 F.3d 147, 153 n.5 (3d Cir. 1997) ("ERISA [1132](a)(3) does not 'necessarily bar all forms of monetary damages.'" (quoting *Hein v. FDIC*, 88 F.3d 210, 224 n.11 (3d Cir. 1996)).** Some forms of monetary damages can be characterized as restitution, an equitable remedy, and thus permissible under § 1132(a)(3). ***See, Howe v. Varity Corp.*, 36 F.3d 746, 756 (8th Cir. 1994) (awarding monetary award "in the nature of restitution to compensate them for benefits of which, at the time of trial, they had been deprived.").** The Plaintiffs have alleged that the Defendant's misrepresentations giving rise to their § 1132(a)(3) claims led to their losses. The Court, therefore, finds the Plaintiffs' claims for monetary damages may be characterized as restitution and should not be dismissed.[7] ***See, id*. (characterizing as restitution**

---

[5]The Magistrate Judge recommended that Plaintiffs' demands for relief for emotional distress and mental anguish, as well as their demand for punitive damages, be denied. The Plaintiffs did not object to this finding, therefore, it will not be reviewed *de novo* by the Court. The Court concludes that this finding does not constitute clear error on its face and will be affirmed. ***See, Diamond, supra.***

[6]Under Plaintiffs' remaining ERISA penalty claim, the Defendant could be liable for a daily monetary penalty following their alleged failure to comply with the Plaintiffs' request for documents.

[7]The Plaintiffs have also requested other forms of equitable relief, including requests for an injunction and reinstatement. **Complaint, ¶¶ 8-9.** The Plaintiffs have also requested attorneys fees under 29 U.S.C. § 1132(g).

**monetary damages for benefits the plaintiff was deprived of because of the defendant's misrepresentations).**

## IV. ORDER

**IT IS, THEREFORE, ORDERED** that the Defendant's motion to dismiss the Plaintiffs' claims under 29 U.S.C. §§ 1109, 1132(a)(2), 1132(a)(1)(B), and 1140 is **GRANTED** and said claims are **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that the Defendant's motion to dismiss Plaintiffs' claims under 29 U.S.C. §§ 1132(a)(3) and 1132(c) is **DENIED.**

As stated in the Court's previous Order, the parties shall file their dispositive motions on or before 30 days from entry of this Memorandum and Order. **Order, filed July 18, 2005.** If a trial is necessary in this case, it will be scheduled during the Court's November 2005 mixed civil and criminal term beginning November 14, 2005.

**Signed: August 19, 2005**

Lacy H. Thornburg
United States District Judge